IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JESSICA HINTON, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>ATHENS ENTERTAINMENT<br>PARTNERSHIP, LLC d/b/a JERZEES<br>SPORTS BAR,<br><br>    *Defendant*. | CIVIL ACTION NO.<br>**3:24-cv-00122-TES** |

**ORDER**

Before the Court is Defendant Athens Entertainment Partnership's Motion for

Protective Order and Motion to Stay Discovery [Doc. 33] as well as Plaintiffs Jessica

Hinton, Jessica Killings, Lina Posada, Claudia Sampedro, and Ursula Mayes' Motion to

Compel [Doc. 36] certain documents from non-party Thompson & Associates CPA's

LLC ("Thompon") pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure

[Doc. 36].

In Plaintiffs' Complaint, they alleged that Defendant created, altered, and

published images of Plaintiffs without Plaintiffs' permission on Defendant's social

media accounts. [Doc. 2]. These claims appear to rely on the theory that Defendants

used those images for its own commercial benefit. [*Id.*]. The Complaint alleges no third-

party involvement, no theory that indirect financial benefit could create liability for Defendant, and no allegations that venue revenue constitutes use or appropriation.

After the taking of Defendant's Rule 30(b)(6) deposition, Plaintiffs issued a nonparty subpoena to Defendant's former accountant, Thompson, seeking tax returns, work papers, financial documents, and all communications from 2017-2019. [Doc. 33-1]. In response, Defendant seeks a protective order under Rule 26(c) "prohibiting further irrelevant and burdensome discovery—including enforcement of the accountant subpoena—and requests that the Court stay all remaining discovery pending resolution of the fully briefed summary-judgment motion." [Doc. 33, p. 4].

Defendant argues that Plaintiffs' discovery requests are irrelevant, disproportionate, and improper under Rule 26. [*Id.* at p. 6]. Rule 26(b)(1) limits discovery to "relevant" and "proportional" matters, taking into account the "issues at stake," "the parties' relative access to relevant information," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "As indicated by the language of Rule 26, the relevance of information sought in discovery depends on the claims asserted in the underlying action and the legal standards that govern those claims." *Jordan v. Comm'r, Mississippi Dep't of Corrections*, 947 F.3d 1332, 1329 (11th Cir. 2020). Defendant asserts that "Plaintiffs' discovery— ranging from their unfocused and immaterial 30(b)(6) questioning to their subpoena for Defendant's accountant despite their failure to dispute any material fact—bears no

relation to the claims actually pleaded and falls well outside the scope of Rule 26(b)(1)." [*Id.*]. Defendant goes further, arguing that "[t]heir current pursuit—aimed at uncovering what financial benefit Defendant may have received from Athens Latin events—is therefore irrelevant on its face: financial benefit is not 'use,' and Plaintiffs pleaded no theory equating venue revenue with appropriation or Lanham Act liability." [*Id.*].

In response, Plaintiffs argue that they have "asserted claims for false advertising and false association under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B) . . . " and that the damages provision of the Lanham Act, 15 U.S.C. § 1117 provides that a plaintiff is entitled to recover a defendant's profits, among other damages. [Doc. 34, p. 7]. Plaintiffs go so far as to say that "[Defendant's] arguments are not only short on coherence but evince a fundamental misunderstanding of the damages available to Lanham Act plaintiffs and the rules governing discovery generally." [*Id.* at p. 6].

This, however, is not persuasive to the Court. It is not necessary at this point in the case for Plaintiffs to demand discovery related to damages when liability has yet to be established. Section 1117 permits recovery of a defendant's profits for the violation, calculated from the defendant's sales of the infringing activity subject to deductions. 15 U.S.C. § 1117(a). It does not, however, make a non-liable party's finances discoverable. Such inquiries are simply premature at this stage. Additionally, the Court is not convinced that the requested information could establish any alleged "use" by

3

Defendant. Financial records do not establish inducement, control, or participation in advertising. Plaintiffs' Motion to Compel asks for the very same information. *See* [Doc. 36]. The Court does agree with Plaintiffs on the issue of a stay on discovery. A stay is not necessary at this juncture in the case. Rather, the Court will consider and rule on Defendant's pending motion for summary judgment. [Doc. 25]. Any issues concerning Plaintiffs' Rule 56(d) declaration will be addressed in the Court's order on the motion for summary judgment.

Accordingly, the Court **GRANTS in part** Defendant's Motion for Protective Order to the extent that Defendant asks for a protective order. The Court **DENIES** Defendant's request for a stay on discovery. [Doc. 33]. For the same reasons, the Court **DENIES** Plaintiffs' Motion to Compel. [Doc. 36].

**SO ORDERED**, this 17th day of April, 2026.

*S/ Tilman E. Self, III*

**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**