IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JESSICA HINTON, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> ATHENS ENTERTAINMENT PARTNERSHIP, LLC d/b/a JERZEES SPORTS BAR, <br><br> *Defendant.* | CIVIL ACTION NO. <br> **3:24-cv-00122-TES** |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In its Motion for Summary Judgment [Doc. 25], Defendant Athens Entertainment Partnership, LLC d/b/a Jerzees Sports Bar ("Defendant") contends that "there exists no genuine dispute as to any material fact and Defendant is entitled to judgment as a matter of law" in this case concerning whether Defendant appropriated Plaintiffs' images in advertising without consent. [Doc. 25, p. 1]. As discussed in more detail below, the Court agrees and **GRANTS** Defendant's Motion for Summary Judgment.

## LOCAL RULE 56

Before getting to the facts, the Court must discuss Local Rule 56's requirements because a failure to adhere to them can be detrimental (and often fatal) to a party's lawsuit. Local Rule 56 clearly mandates that a party responding to a motion for summary judgment must respond to "each of the movant's numbered material facts."

LR 56, MDGa. Further, it instructs that "[a]ll material facts contained in the movant's statement which are not specifically controverted by *specific citation to particular parts* of . . . the record shall be deemed to have been admitted, unless otherwise inappropriate."[1] *Id*. (emphasis added). Local Rule 56 also preempts a nonmoving party's claim of insufficient knowledge unless the party has "complied with the provisions of Rule 56(d) of the Federal Rules of Civil Procedure." *Id*. Lastly, as an overarching principle, the Court does not consider "statements in the form of issues or legal conclusions." *Id*.

Local Rule 56 "isn't new, and it certainly isn't some recent requirement that the Court deviously sprung on [parties] in order to trick or trap them. No, Local Rule 56 is a longtime requirement with which all litigants must comply."[2] *Hall-Gordon v. Bibb Cnty. Sch. Dist.*, No. 5:21-cv-00143-TES, 2022 WL 3704917, at *1 (M.D. Ga. Aug. 27, 2022); *aff'd Gordon v. Bibb Cnty. Sch. Dist.*, No. 22-13286, 2023 WL 8253881, at *1–2 (11th Cir. Nov. 29, 2023). And, again, its purpose is clear: it "protects judicial resources by 'mak[ing] the parties organize the evidence rather than leaving the burden upon the district judge.'" *Reese*, 527 F.3d at 1268 (quoting *Alsina-Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir. 2005)).[3]

---

[1] "Where possible," Local Rule 56 also encourages the use of "dates, specific page numbers, and line numbers." LR 56, MDGa. And, as shown below, it was certainly possible for Plaintiff to have done so.

[2] *See Weil v. Neary*, 278 U.S. 160, 169 (1929) (holding that local rules have the "force of law").

[3] *See also Libel v. Adventure Lands of Am., Inc*., 482 F.3d 1028, 1032 (8th Cir. 2007) ("Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or defense.").

In the case at hand, Plaintiffs filed no response to Defendant's Statement of Material Facts [Doc. 25-2] and failed to deny a single fact alleged by Defendant. Plaintiffs did, however, file a Rule 56(d) declaration on January 9, 2026. [Doc. 31]. Under Rule 56(d), where the non-moving party to a motion for summary judgment "shows by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition," the district court may delay consideration of the motion, deny the motion, allow additional time for discovery, or issue another appropriate order. Fed. R. Civ. P. 56(d) (emphasis added). "Failure to satisfy [the Rule 56(d)] burden is fatal to an argument that the district court granted summary judgment prematurely by failing to order or await the results of further discovery." *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1286 (11th Cir. 2019). To invoke Rule 56(d), "a party 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but 'must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Id.* at 1287 (quoting *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989)).

In Plaintiffs' Declaration, Plaintiffs' counsel asserts that the declaration was made "in opposition to the summary judgment motion of defendant Athens Entertainment Partnership, LLC, d/b/a Jerzees Sports Bar . . . and pursuant to Rule 56(d) of the Federal Rules of Civil Procedure on the grounds that certain facts necessary to Plaintiffs'

defense of [Defendant's] summary judgment motion have not yet been made available to Plaintiffs." [Doc. 31, p. 1]. Most of Plaintiffs' Declaration, however, reads as a list of grievances regarding Defendant's Motion for Summary Judgment [Doc. 25], including the timing of the motion as well as the argument and defenses raised by Defendant. There are very few instances where Plaintiffs even mention a need for continued discovery. In one such instance, Plaintiffs complain that they do not know what "Athens Latin" is, whether it is affiliated with Defendant, or whether Defendant and Athens Latin have common owners. [Doc. 31, p. 4]. Plaintiffs assert that "[d]iscovery . . . is thus needed to learn, inter alia, the details of the relationship [ ] between Athens Latin and [Defendant]." [*Id.*]. In another instance, Plaintiffs argue that "[d]iscovery . . . will go some distance in uncovering what the relationship is between [Defendant] and Athens Latin and what Athens Latin['s] role was in promoting the parties at Jerzees . . ." [*Id.* at p. 5]. Plaintiffs also contend that "discovery is needed into, inter alia, the revenue [Defendant] generated from the events promoted in the subject advertisements" and that the "details of the communications between [Defendant] and Athens Latin as pertains to the advertised events, including what oversight [Defendant] had over the advertisements advertising parties at its venue." [*Id.* at pp. 7–8]. Finally, Plaintiffs reiterate that "[d]iscovery is thus needed into the exact parameters of the [Defendant]/Athens Latin relationship." [*Id.* at p. 8].

These statements, however, are insufficient to support the relief requested under Rule 56(d). Plaintiffs have failed to identify what documentary or testimonial evidence they specifically believe would help their case beyond a Rule 30(b)(6) deposition of Defendant. [Doc. 31 at pp. 4, 5]. But, the parties had already scheduled this "necessary" Rule 30(b)(6) deposition for January 27, 2026, almost three months before the date of this Order. [*Id.*].

Additionally, discovery continued in this case after Defendant filed its motion for summary judgment. In other words, Plaintiffs had plenty of time to go conduct the discovery they thought they needed as they saw fit. Specifically, Plaintiffs had until March 21, 2026, to obtain any needed discovery in the months between the filing of their declaration and the ruling on this motion. [*Id.* at p. 2]. Likewise, Plaintiffs could have supplemented their Rule 56(d) declaration detailing why they still couldn't adequately respond to Defendant's Statement of Material Facts [Doc. 25-2], particularly after they conducted additional discovery. But, Plaintiffs have never requested that the Court extend discovery or allow any additional time past the March 21, 2026, deadline. In fact, in later filings, Plaintiffs actually opposed a stay of discovery requested by Defendant. [Doc. 34, p. 14]. While Plaintiff did request financial information from Defendant's former accountant, that information was related purely to a calculation of damages, which the Court ruled was premature without a finding of liability. *See* [Doc. 36]; [Doc. 37].

In effect, although Plaintiffs never specifically asked the Court to do so, the Court delayed ruling on Defendant's motion for summary judgment until well after the discovery period expired. This gave Plaintiffs more than enough time to gain access to any information they felt was necessary for their case via discovery. Plaintiffs failed to do so. Beyond any nebulous assertion that Plaintiffs required additional discovery, it's unclear to the Court what other relief they could possibly be requesting from their Rule 56(d) declaration. The Court finds that Plaintiffs had plenty of time to take the discovery they needed, and the Court gave them the full time for discovery as set out in the Amended Scheduling Order. [Doc. 22]. *See Burns v. Town of Palm Beach*, 999 F.3d 1317, 1334 (11th Cir. 2021) (finding that the district court did not abuse its discretion when a movant "had ample time after [R]ule 56(d) declaration to obtain the discovery he needed, and he did not renew his request for further discovery"); *Williams v. Ala. Dep't of Indus. Rels.*, 684 F. App'x 888, 896–97 (11th Cir. 2017) (holding that denial of a Rule 56(d) motion is proper when the movant "had ample time and opportunity for discovery, yet failed to diligently pursue his options" after having seven months to complete discovery and failing to seek the discovery he needed); *Taylor v. Farm Credit of N. Fla. ACA*, No. 21-13807, 2022 WL 4493044 (11th Cir. Sept. 28, 2022) (holding that movants were not denied a "full and fair opportunity to conduct discovery" when the court ruled on summary judgment after the close of discovery).

Taking Plaintiffs' unexcused inaction in conjunction with the vague and ineffective requests found in their Rule 56(d) declaration, the Court finds that they failed to adequately respond to Defendant's Statement of Material Facts. Further, to the extent the Court could consider Plaintiffs' Rule 56(d) declaration as a motion to delay or deny ruling on the pending motion for summary judgment, that "motion" is denied. [Doc. 25-2].

Even if Plaintiffs had fully complied with the requirements of Rule 56(d), they nonetheless failed to provide any response contravening Defendant's Statement of Material Facts [Doc. 25-2]. This, however, is a requirement under the local rules of this district. *See* LR 56, MDGa. It must be done in conjunction with a Rule 56(d) declaration, not in the alternative. *See Assad v. Air Logistics & Eng'g Sols.*, LLC, 5:20-CV-00135-TES, 2022 WL 682377, at *6 (M.D. Ga. Mar. 7, 2022); *Kosha, LLC v. Alford*, 4:19-CV-172 (CDL), 2020 WL 7346035, at *7 (M.D. Ga. Dec. 14, 2020).

When a party fails to respond to a movant's Statement of Material Facts without sufficient reason, those facts are deemed admitted for purposes of summary judgment. *See* LR 56, MDGa. In this case, Plaintiffs' failure to respond to Defendant's Statement of Material facts has left no disputed facts for the Court to review. Thus, Defendant's Statement of Material Facts stands admitted.

## FACTUAL BACKGROUND

Plaintiffs are five individuals who describe themselves as "well-known professional models." [Doc. 25-2, ¶ 1]. Defendant formerly operated Jerzees Sports Bar in Athens, Georgia. [*Id.* at ¶ 2]. Defendant has no affiliation with "Athens Latin" or "Athens Latin Group." [*Id.* at ¶ 3]. Between 2017 and 2019, Athens Latin promoted Latin-themed events on Facebook and Instagram. [*Id.* at ¶ 4]. Athens Latin created digital event flyers identifying performers, dates, admission prices, and the physical location where events would occur. [*Id.* at ¶ 5]. Many Athens Latin flyers began with the text "Athens Latin presents" or "Athens Latin Entertainment presents." [*Id.* at ¶ 6]. The flyers identified Jerzees solely as the venue hosting the event. [*Id.* at ¶ 7]. The screenshots attached to Plaintiffs' Complaint show that every challenged post was published on Athens Latin's social-media accounts—not Jerzees'. [*Id.* at ¶ 8]. Jerzees did not create, design, edit, approve, publish, or disseminate any of the challenged posts. [*Id.* at ¶ 9]. Jerzees did not supply Athens Latin with photographs, advertising materials, or marketing instructions of any kind. [*Id.* at ¶ 10]. Jerzees never requested or directed Athens Latin to use Plaintiffs' images. [*Id.* at ¶ 11]. Jerzees had no access to Athens Latin's social-media accounts and no involvement in the posting of any promotional materials. [*Id.* at ¶ 12]. Athens Latin was not an agent, affiliate, contractor, employee, partner, or representative of Jerzees. [*Id.* at ¶ 13].

During the years in question, Athens Latin rented Jerzees as a venue for certain events. [*Id.* at ¶ 14]. Jerzees' involvement was limited to providing a physical space. [*Id.* at ¶ 15]. It exercised no control over Athens Latin's marketing decisions. [*Id.*]. Plaintiffs have offered no evidence that Jerzees ever used Plaintiffs' photographs in commerce, published them, or derived any financial benefit from them. [*Id.* at ¶ 16]. Plaintiffs relied exclusively on unauthenticated screenshots that show that the images in question were used only by Athens Latin. [*Id.* at ¶ 17].

## LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the initial responsibility of informing the court of the basis for its motion." *Four Parcels*, 941 F.2d at 1437. The movant may cite to particular parts of materials in the record, including, "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

9

(1986)); Fed. R. Civ. P. 56(c)(1)(A).[4] "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels*, 941 F.2d at 1437–38 (quoting *Celotex*, 477 U.S. at 323). Rather, "the moving party simply may show—that is, point out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Id.* (quoting *Celotex*, 477 U.S. at 324) (cleaned up). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

If this initial burden is satisfied, the burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing . . . relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or[] is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249–50). "A mere scintilla of evidence supporting the [nonmoving] party's position will not suffice." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

Further, where a party fails to address another party's assertion of fact as

---

[4] Courts may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

10

required by Federal Rule of Civil Procedure 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2); *see also* n.2, *supra*. However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Succinctly put,

> [s]ummary judgment is not a time for fact-finding; that task is reserved for trial. Rather, on summary judgment, the district court must accept as fact all allegations the [nonmoving] party makes, provided they are sufficiently supported by evidence of record. So[,] when competing narratives emerge on key events, courts are not at liberty to pick which side they think is more credible. Indeed, if "the only issue is one of credibility," the issue is factual, and a court cannot grant summary judgment.

*Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020) (internal citations omitted).

"[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The nonmovant's evidence is to be believed, and "all justifiable inferences are to be drawn in his favor." *Id.* at 255. "[I]f a reasonable jury could make more than one inference from the facts, and one of those permissible inferences creates a genuine issue of material fact, a court cannot grant summary judgment." *Sconiers*, 946 F.3d at 1263.

## DISCUSSION

Plaintiffs' Complaint asserts ten causes of action. Under federal law, Plaintiffs bring claims for false association under the Lanham Act (§ 43(a)(1)(A)) and false

advertising under the Lanham Act (§ 43(a)(1)(B)). *See* [Doc. 1]. Under state law, Plaintiffs bring claims for violation of their right of publicity, invasion of privacy – false light, violation of the Georgia Uniform Deceptive Trade Practices Act (UDTPA), defamation, negligence, conversion, unjust enrichment, and quantum meruit. *See* [*Id*.]. The Court will address each in turn below.

First, Defendants assert that Plaintiffs' Lanham Act claims for false association and false advertising fail as a matter of law. [Doc. 25-1, p. 6]. To prevail on a false association claim, a plaintiff must establish that the defendant used their images in a manner "that the defendant's use of the designation of origin was likely to cause consumer confusion." *Manchester Farms, Inc., v. Supremas, Inc.*, 165 F. Supp. 3d 1366, 1372 (M.D. Ga. 2016) (citing *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010). "A false designation of origin, or false association, claim under Section 1125(a)(1) prescribes the behavior of 'passing off' or 'palming off' which 'occurs when a producer misrepresents his own goods or services as someone else's.'" *SouthState Bank, N.A. v. Qoins Techs., Inc.*, 720 F. Supp. 3d 1324, 1338 (N.D. Ga. 2024) (citation omitted).

In the case at hand, Plaintiffs have far from met this burden. They have alleged no "use in commerce" by Defendant. The evidence presented shows that the posts at issue were created and posted by Athens Latin, not Defendant. *See* [Doc. 1-3]; [Doc. 1-4]; [Doc. 1-5]; [Doc. 1-6]; [Doc. 1-7]. There is no evidence to suggest that Defendant had any part in creating, advertising, promoting, or approving said posts. Plaintiffs have

12

likewise pointed to no conduct on behalf of Defendants to show that Athens Latin relied upon any direction from Defendants. There is simply nothing on the record to demonstrate that Defendants had any involvement in the "use" of Plaintiffs' images whatsoever.

> Similarly, to succeed on a claim for false advertising, a plaintiff must show that:
>
> (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been—or is likely to be—injured as a result of the false advertising.

*Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). However, a review of the record in this case reveals no advertisement propagated by Defendant at all. The only advertisements referenced by Plaintiffs were published exclusively by Athens Latin on Athens Latin's social media pages. *See* [Doc. 1-3]; [Doc. 1-4]; [Doc. 1-5]; [Doc. 1-6]; [Doc. 1-7]. Further, Plaintiffs have provided no evidence of actual injury. Even if a representation was made by Defendant, Plaintiffs have failed to provide any evidence of injury beyond vague assertions of lost value and reputational harm. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014) (holding that plaintiffs "must show injury—an economic or reputational harm flowing directly from the challenged advertising."). The record holds no documentation of lost work, no testimony of reputational harm, no economic analysis, and no evidence of harm caused by Defendant.

13

Additionally, "the purpose of the Lanham Act is to protect commercial interests from a competitor's false advertising and to protect the business community from having its reputation and goodwill diverted." *Nat. Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1331 (11th Cir. 2008) (emphasis added); *see also Lexmark Int'l, Inc.*, 572 U.S. at 131-32. In this case, Plaintiffs and Defendant are certainly not competing in the same industry, as Plaintiffs identify as models and Defendant was decidedly operating as a sports bar. The lack of a competitive relationship precludes the finding of a successful claim under the Lanham Act. *See Lexmark Int'l, Inc.*, 572 U.S. at 133 (clarified that the Lanham Act is not intended to address all forms of consumer confusion but is focused on protecting commercial interests within the zone of interests, for instance "while a competitor who is forced out of business by a defendant's false advertising generally will be able to sue for its losses, the same is not true of the competitor's landlord.").

Finally, even assuming that Plaintiffs could successfully establish use, consumer confusion, or injury, the issue of laches remains. While the Lanham Act contains no statute of limitations, the Eleventh Circuit has held that courts must adopt the most analogous state limitations period. *Rolex Watch U.S.A., Inc. v. Jewelry Unlimited, Inc.*, 757 F. Supp. 3d 1342, 1366 (N.D. Ga. 2024); *Kason Indust., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1204 (11th Cir. 1997). In this case, that period is four years as found in Georgia's Uniform Deceptive Trade Practices Act. *Id.*

14

Further, under Georgia law, the clock for a plaintiff's claims begins to run when the injury occurs, meaning at the first unauthorized use of publication of the plaintiff's name or likeness in commerce. *SCQuARE Intern., Ltd. v. BBDO Atlanta, Inc.*, 455 F.Supp.2d 1347, 1370-72 (2006) (holding that the limitations period begins to run at the first unauthorized use of the plaintiff's name or likeness); *Rivell v. Private Health Care Sys., Inc.*, 887 F. Supp. 2d 1277, 1285 (S.D. Ga. 2012) (holding that under Georgia law "the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be."); *Limoli v. First Georgia Bank*, 147 Ga. App. 755, 756–57, 250 S.E.2d 155, 156 (1978) ("The statute of limitations begins to run on a cause of action on the date that suit on the claim can first be successfully maintained."); *Kason Indus., Inc.*, at 1203 (11th Cir. 1997) ("However, in trademark cases this circuit has followed the Sixth Circuit, which applies the period for analogous state law claims as the touchstone for laches."); and a "[m]ere ignorance of the existence of the facts constituting a cause of action does not prevent the running of the statute of limitations." *Barrett v. Jackson*, 44 Ga. App. 611, 611, 162 S.E. 308 (1932).

The Eleventh Circuit applies laches by examining the following elements: "the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for the delay, the loss of evidence on disputed matters, [and] the opportunity for the claimant to have acted sooner." *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1207 (11th Cir. 2008). Plaintiffs' own exhibits show that the posts at issue were

15

published between 2017 and 2019. *See* [Doc. 1-3]; [Doc. 1-4]; [Doc. 1-5]; [Doc. 1-6]; [Doc. 1-7]. However, Plaintiffs waited to file suit until 2024. This is well beyond the four-year benchmark for laches. Plaintiffs provide no reason or excuse for the delay. As such, laches independently bars Plaintiffs' federal claims.

Plaintiffs further assert eight state law causes of action against Defendant arising from Athens Latin's use of Plaintiffs' photographs in social media posts. Because Plaintiffs have no other federal law claims to anchor these state law claims in federal court, the Court will decline to exercise supplemental jurisdiction.

Federal courts may exercise supplemental jurisdiction over state law claims "in any civil action of which [they] have original jurisdiction." 28 U.S.C. § 1367(a). "[D]istrict courts may," however, "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[S]tate courts, not federal courts, should be the final arbiters of state law," and when a federal court "has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial." *Ingram v. Sch. Bd. Of Mia.-Dade Cnty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (quoting *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)). "[D]istrict courts may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Recognizing this hard-and-fast rule, the Court declines to exercise supplementary jurisdiction over

16

Plaintiffs' remaining state law claims in accordance with the discretion afforded to it by

§ 1367(c)(3) and dismisses them without prejudice.[5]

### CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment

[Doc. 25]. The Court **DIRECTS** the Clerk of Court to **ENTER** Judgment in favor of

Defendant and **CLOSE** this case.

**SO ORDERED**, this 24th day of April, 2026.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

[5] "If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, [he] must refile the claim in state court." *Artis v. District of Columbia*, 583 U.S. 71 (2018); *see also* 28 U.S.C. § 1367(d).